UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

Case No. 4:24-cv-0059-DJH

SANDRA SUE HAGAN,

 PLAINTIFF

vs.

DISCOVER BANK and GOLDMAN
SACHS BANK USA,

 DEFENDANTS

### ANSWER OF DEFENDANT GOLDMAN SACHS BANK USA
### TO PLAINTIFF'S VERIFIED COMPLAINT

Defendant Goldman Sachs Bank USA ("GS Bank"), hereby answers the Complaint filed by plaintiff Sandra Sue Hagan ("Plaintiff") as follows:

### INTRODUCTION

1. Answering Paragraph 1 of the Complaint, GS Bank admits that Plaintiff brings this action pursuant to the Kentucky Consumer Protection Act, 367.110 et seq. ("KCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") but denies that it violated the FCRA and KCPA, denies any liability to Plaintiff, and denies that Plaintiff is entitled to actual damages, statutory damages, punitive damages, costs, attorneys' fees or any relief whatsoever.

### JURISDICTION AND VENUE

2. Answering Paragraph 2 of the Complaint, GS Bank does not challenge the jurisdiction of this Court for purposes of this action only, but GS Bank denies any liability to Plaintiff under the FCRA and denies that Plaintiff is entitled to any relief whatsoever. GS Bank does not challenge venue for purposes of this action only. GS Bank further states that Plaintiff's

claims are subject to binding arbitration and GS Bank specifically reserves, and does not waive, the right to compel arbitration of such claims.

## PARTIES

3. Answering Paragraph 3 of the Complaint, GS Bank states that this Paragraph calls for a legal conclusion to which no response is required. Furthermore, GS Bank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

4. Answering Paragraph 4 of the Complaint, GS Bank states that this Paragraph contains no allegations directed towards GS Bank and therefore no response is required.

5. Answering Paragraph 5 of the Complaint, GS Bank states that this Paragraph contains no allegations directed to GS Bank and therefore no response is required.

6. Answering Paragraph 6 of the Complaint, GS Bank states that it is a New York State-chartered bank with its principal office in the State of New York. Except as expressly stated, GS Bank denies the remaining allegations contained within Paragraph 6.

7. Answering Paragraph 7 of the Complaint, GS Bank states that Paragraph 7 calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that the KCPA and FCRA speak for themselves, and GS Bank denies any allegations inconsistent therewith.

## STATEMENT OF FACTS

8. Answering Paragraph 8 of the Complaint, GS Bank states that this Paragraph contains no allegations directed to GS Bank and therefore no response is required. To the extent a response is required, GS Bank admits, based on information and belief that William Fred Hagan ("Mr. Hagan") is deceased. To the extent a further response is required, GS Bank lacks

knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

9. Answering Paragraph 9 of the Complaint, GS Bank admits that a GM Card (the "Account") was opened in Mr. Hagan's name. To the extent a further response is required, GS Bank lacks knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 and, on that basis, denies the allegations contained therein.

10. Answering Paragraph 10 of the Complaint, GS Bank states that this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that the KCPA speaks for itself, and GS Bank denies any allegations inconsistent therewith.

11. Answering Paragraph 11 of the Complaint, GS Bank states that this Paragraph contains no allegations directed towards GS Bank and therefore no response is required. To the extent a response is required, GS Bank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

12. Answering Paragraph 12 of the Complaint, GS Bank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

13. Answering Paragraph 13 of the Complaint, GS Bank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, GS Bank denies that it reported inaccurate information regarding the Account. As to the remaining allegations in the Complaint, GS Bank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

15. Answering Paragraph 15 of the Complaint, GS Bank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, GS Bank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, GS Bank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, GS Bank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, GS Bank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

20. Answering Paragraph 20 of the Complaint, GS Bank admits that Plaintiff contacted GS Bank regarding the Account but denies that it reported inaccurate information regarding the Account. As to the remaining allegations in the Complaint, GS Bank lacks

knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

21. Answering Paragraph 21 of the Complaint, GS Bank states that this Paragraph contains no allegations directed towards GS Bank and therefore no response is required. To the extent a response is required, GS Bank admits, based on information and belief that, credit reporting agencies transmitted disputes to GS Bank regarding the Account.

22. Answering Paragraph 22 of the Complaint, GS Bank states that this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that 15 U.S.C. § 1681i(a)(2) speaks for itself, and GS Bank denies any allegations inconsistent therewith.

23. Answering Paragraph 23 of the Complaint, GS Bank states that this Paragraph contains no allegations directed towards GS Bank and therefore no response is required.

24. Answering Paragraph 24 of the Complaint, GS Bank states that this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that 15 U.S.C. § 1681s-2(b) speaks for itself, and GS Bank denies any allegations inconsistent therewith.

25. Answering Paragraph 25 of the Complaint, GS Bank denies the allegations contained herein.

26. Answering Paragraph 26 of the Complaint, GS Bank denies the allegations contained herein.

27. Answering Paragraph 27 of the Complaint, GS Bank denies the allegations contained herein.

28. Answering Paragraph 28 of the Complaint, GS Bank denies the allegations contained herein.

## CLAIMS FOR RELIEF

I. **Claims Against Discover Bank and Goldman Sachs Bank USA**

    **COUNT I:** **Violations of the KCPA**

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT-15 U.S.C. § 1681 et seq.**

29. GS Bank incorporates its responses to Paragraphs 1 through 28, above, as if fully set forth herein.

30. Answering Paragraph 30 of the Complaint, GS Bank denies the allegations contained herein.

31. Answering Paragraph 31 of the Complaint, GS Bank states that this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that the KCPA speaks for itself, and GS Bank denies any allegations inconsistent therewith.

32. Answering Paragraph 32 of the Complaint, GS Bank lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

33. Answering Paragraph 33 of the Complaint, GS Bank states that this Paragraph calls for a legal conclusion to which no response is required. To the extent a response is required, GS Bank states that the KCPA speaks for itself, and GS Bank denies any allegations inconsistent therewith.

34. Answering Paragraph 34 of the Complaint, GS Bank states that this Paragraph contains no allegations directed towards GS Bank and therefore no response is required. To the extent a response is required, GS Bank lacks knowledge or information at this time sufficient to

form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

35. Answering Paragraph 35 of the Complaint, GS Bank denies the allegations contained herein.

36. Answering Paragraph 36 of the Complaint, GS Bank denies the allegations contained herein.

**COUNT II:   Declaratory Relief**

37. GS Bank incorporates its responses to Paragraphs 1 through 36, above, as if fully set forth herein.

38. Answering Paragraph 38 of the Complaint, GS Bank denies the allegations contained herein.

39. Answering Paragraph 39 of the Complaint, GS Bank denies the allegations contained herein.

40. Answering Paragraph 40 of the Complaint, GS Bank denies the allegations contained herein.

**COUNT III:  Violations of the FCRA**

41. Answering Paragraph 41 of the Complaint, GS Bank denies that it violated the FCRA, denies any liability to Plaintiff, and denies that Plaintiff is entitled to actual damages, statutory damages, punitive damages, costs, attorneys' fees or any relief whatsoever.

42. Answering Paragraph 42 of the Complaint, GS Bank denies the allegations contained herein.

43. Answering Paragraph 43 of the Complaint, GS Bank denies the allegations contained herein.

44. Answering Paragraph 44 of the Complaint, GS Bank denies the allegations contained herein.

45. Answering Paragraph 45 of the Complaint, GS Bank denies the allegations contained herein.

46. Answering Paragraph 46 of the Complaint, GS Bank denies the allegations contained herein.

47. Answering Paragraph 47 of the Complaint, GS Bank denies the allegations contained herein.

48. Answering Paragraph 48 of the Complaint, GS Bank denies the allegations contained herein.

## PRAYER FOR RELIEF

Answering Plaintiff's Prayer for Relief, GS Bank denies that it violated the KCPA and FCRA, and that Plaintiff is entitled to any damages or relief whatsoever, including, without limitation, declaratory relief, actual damages, statutory damages, attorney's fees, costs, and injunctive relief.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, GS Bank asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint fails to set forth facts sufficient to state a claim against GS Bank.

## SECOND AFFIRMATIVE DEFENSE

### (Good Faith)

With respect to the matters alleged in the Complaint, GS Bank at all times acted in good faith and in accordance with reasonable commercial standards and any applicable statutory requirements, thus precluding Plaintiff from any recovery as against GS Bank.

## THIRD AFFIRMATIVE DEFENSE

### (Commercially Reasonable Conduct)

With respect to the matters alleged in the Complaint, GS Bank at all times acted in good faith and in accordance with reasonable commercial standards and any applicable statutory requirements, thus precluding Plaintiff from any recovery as against GS Bank.

## FOURTH AFFIRMATIVE DEFENSE

### (No Injury)

The Complaint is barred because Plaintiff suffered no injury as a result of any alleged act or practice of GS Bank.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Although GS Bank denies that Plaintiff suffered any damages, to the extent any damages have been suffered, Plaintiff failed to mitigate those damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff is precluded from any recovery from GS Bank, or any such recovery must be reduced, under the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiff ratified the conduct alleged in the Complaint and therefore is barred from recovery against GS Bank.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claim is barred, in whole or in part, by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claim is barred, in whole or in part, by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Consent/Acquiescence)

Through Plaintiff's own conduct, acts, omissions, contractual promises and agreements, Plaintiff consented to and acquiesced in GS Bank's conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Arbitration)

This Court lacks jurisdiction of Plaintiff's claims due to the presence of binding arbitration clauses contained in the card agreement governing the Account.

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claim is barred, in whole or in part, by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Apportionment)

Plaintiff is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the Complaint; however, if GS Bank is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of all non-GS Bank parties, persons and entities, or the agents, servants and employees of such non-GS Bank parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Contributory Negligence)

Plaintiff failed to exercise reasonable and ordinary care, caution or prudence in order to avoid incurring the alleged damages sought by the Complaint; thus, the damages, if any, sustained by Plaintiff, were proximately caused and contributed to by Plaintiff's own negligence.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

GS Bank is informed and believes and thereon alleges that any and all damages sustained or to be sustained, or costs incurred or to be incurred, by Plaintiff were proximately caused and contributed to by the joint or several negligence, carelessness, or recklessness of Plaintiff, and liability or damages must be apportioned, reduced or barred in accordance with the law of comparative liability.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Intervening Conduct)

To the extent Plaintiff has suffered any damage, injury and/or harm as a result of the matters alleged in the Complaint, which GS Bank denies, any damage, injury and/or harm sustained by Plaintiff was the direct and proximate cause result of the independent, intervening, negligent, criminal and/or unlawful conduct of independent third parties or their agents, and not any act or omission on the part of GS Bank.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

Plaintiff's claims are not stated with sufficient particularity to permit GS Bank to discern what those claims are and to raise all appropriate defenses to those claims, and therefore GS Bank reserves its right to amend or supplement this Answer with additional defenses.

## PRAYER

WHEREFORE, GS Bank requests the following relief:

1. That Plaintiff takes nothing by way of this action;

2. That judgment be entered against Plaintiff and in favor of GS Bank;

3. That GS Bank be awarded its costs of suit, including its attorneys' fees, as permitted by law; and

4. Any other relief the Court deems proper and just.

| | |
|---|---|
| Dated: June 17, 2024 | Respectfully submitted, |
| | By: /s/ *Steven A. Luxton*<br>Steven A. Luxton<br>MORGAN, LEWIS & BOCKIUS LLP<br>1111 Pennsylvania Avenue, NW<br>Washington, DC 20004-2541<br>Tel: +1.312.324.1000<br>steven.luxton@morganlewis.com |
| | *Attorneys for Defendant*<br>*Goldman Sachs Bank USA* |

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 17, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record.

/s/ *Steven A. Luxton*
Steven A. Luxton

13